SAMUEL P. STRONG *v.* SOLOMON HOBBS AND OTHERS.

Where the judgment of the county court, upon a petition for partition, has been affirmed by the supreme court, on exceptions, the petitionee's costs may be taxed after the court adjourns, as in other cases.

All costs, in such case, which accrued in consequence of the *trial of any of* the facts alledged in the petition, to which the petitionees interposed a plea of denial, and upon which the petitioner prevailed, are properly taxable, in the discretion of the court, in favor of the petitioner ;—although in practice costs in regard to the trial have only been taxed, when the title to the land, in some way, came in dispute between the parties.

Where such case is finished in the supreme court, and the petitionees refuse to to pay their proportion of the costs respectively, that court have power to order the commissioners to sell the land, pursuant to the provisions of the statute.

Strong *v.* Hobbs et al.

Regularly, when final judgment is rendered in such a case, the order of court, directing the costs to be paid, should be drawn up in form, and the case should be entered continued. Then, if the petitionees refuse to pay the costs, the petitioner, at the next term, may move for an order of sale. But if the case is not so entered continued, the matter may be brought before the court, at the next term, by petition, setting forth the facts, and the court may direct, that the case be brought forward upon the docket, and then make the proper order of sale.

THIS was a petition addressed to this court, and regularly served upon the petitionees under a judge's order. The petitioner alleged, that he had heretofore brought to the county court his petition for partition of certain real. estate, of which the petitionees were tenants in common with him; that commissioners were appointed, and their report made, ascertaining the respective interests of the parties in the land and apportioning it between them; that the report was accepted by the county court, and judgment rendered accordingly, and that this judgment was affirmed, on exceptions, by the supreme court, at their January Term, 1847; but that the supreme court neglected to make any order for the payment of the commissioners' fees and the petitioner's costs. And the petitioner prayed, that the case might be brought forward upon the docket, and an order made for the payment of the commissioners' fees and the costs, and that, in default of such payment, the court might order so much sold of each petitionee's share respectively, as would be sufficient to pay such petitionee's proportion.

*E. D. & F. E. Woodbridge* for petitioner.

*P. C. Tucker* for petitionees.

BY THE COURT. The fact, that some of the shares are wholly delinquent in regard to payment of costs, is admitted. A question is made, whether, as no costs were taxed the last term, any are properly recoverable. We entertain no doubt, that the taxation of costs, in a case like the present, may be made after the court adjourns, as well as in any other cases.

A question is also made, whether any costs are properly taxable, except for commissioners' fees. We think, that all costs, which ac-

25

crued in consequence of the trial of any of the facts alleged in the original petition, to which the petitionees interposed a plea of denial and upon which the petitioner prevailed, are properly taxable, in the discretion of the court, in favor of the petitioner. Such seems to be the express provision, both of the Revised Statutes and of the former statute. But in practice costs in regard to the trial have only been taxed, when the title to the land, in some way, came in dispute between the parties.

A question has also been made in regard to the right of *this court* to order sale of the land for the payment of costs. The statute is express upon the subject, that a sale may be ordered by *the court.* This primarily, no doubt, had reference to the county court,—which have the original jurisdiction in matters of this kind. But this court having determined, that any question of law, arising upon the trial in reference to the title, may be placed upon the record by bill of exceptions and brought into this court for revision, it must follow, that the entire case comes here and is here to be finished, unless an-another jury trial becomes necessary. This court should then, no doubt, make all necessary orders towards carrying the judgment into effect, and this among them.

The only remaining inquiry is in regard to the appropriate mode of carrying out such a proceeding. It is obvious, we think, that such an order could not be made at the same term final judgment is rendered; for the very nature of the proceeding pre-supposes some antecedent delinquency, which could not be ascertained until after the order of payment was made. This is done, in contemplation of law, if not in fact, at the time final judgment is rendered. The cause should then, we think, regularly, have been entered continued; and if the payment of the costs were not made according to the order of the court, which should regularly be drawn up in form, the petitioner might then, in due course, make his motion for an order of sale, at the next term. But when the case is not entered continued, it requires, as in the present case, a formal petition, stating the grounds of the application, and to be duly served upon the adverse party. We see no good reason, why the party is not now entitled to an order of sale, against the delinquents.

The clerk will enter the suit "continued," upon the docket of last term, and bring it forward, as one of the entries of this term,

and enter, *as of this term*, that, "It being shown to this court, that the several petitionees have neglected and refused to pay their several proportions of the cost allowed the petitioner on the trial of the right and title of the several parties in the cause to the estate partitioned, and the fees of the commissioners, it is *ordered*, that the commissioners do sell at public auction, according to the provisions of the statute, so much of the land belonging to each share, as will be sufficient to pay the share of costs belonging to such share to pay."