EMMA F. WATKINS ET AL. *v.* HELEN C. MERRIHEW ET AL.

May Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed October 1, 1929.

*Robert W. Ready* and *Charles F. Black* for petitionee, Winnifred D. Merrihew.

*Fred M. Butler* for the petitioners.

SLACK, J. This is a petition for the partition of certain lands in the town of Colchester. The county court awarded partition and appointed a commission which, after hearing, reported that the land could not be divided without great inconvenience to the parties interested; that the petitioners had signified a willingness to accept an assignment of petitionees' interest at a reasonable valuation; that it would be equitable for petitioners to pay petitionees four hundred dollars for their interest, and recommended an order assigning such interest to petitioners upon the payment by them of that amount. Thereupon petitioners paid said amount to the clerk of Chittenden county court

for the benefit of petitionees, and the order recommended by the commission was made.

The court found that petitioners' costs taxed under G. L. 2162 amounted to $106.60, which it adjudged to be reasonable, and ordered that they be deducted from the amount in the hands of the clerk and that the balance thereof be paid to the petitionees when the order respecting the assignment of their interest was complied with.

To the judgment and order relating to costs the petitionee, Winnifred D. Merrihew, excepted on the ground that under the pleadings petitioners were not entitled to costs, and that the court had no authority to order the payment of same out of the money held by the clerk.

G. L. 2161 provides: "If any of the facts alleged in the petition are controverted by a person interested, the objection to the petition shall be made in writing, by answer, to which the petitioner may reply or demur, so that the matter in dispute may be reduced to an issue and tried and determined as in civil causes."

G. L. 2162 provides: "If the issue is determined in favor of the petitioner, or if a person interested, after notice, does not appear, the court shall render judgment that partition be made, etc. * * * * * and shall award to the petitioner reasonable costs against the adverse party."

The status of the pleadings was as follows: The petition, after setting out the interest of the respective parties in the premises, alleged that it was undesirable to continue the existing arrangement longer. None of the petitionees, of whom there was a large number, except Winnifred, appeared. She filed an answer wherein she, in effect, admitted the interest of the respective parties in the premises to have been as set forth in the petition, but alleged that by virtue of certain conveyances from the other petitionees she had acquired, and then held, title to their several interests. She further answered that she had no objection to a judgment awarding partition on the basis set forth in the petition, nor to the appointment of commissioners, but that she did not wish to sell her interest in the property because she, and others, desired to occupy as a camp a cottage and other buildings, which had been erected thereon by one of her predecessors in title.

It is claimed that since Winnifred appeared, and in effect admitted the facts upon which the award for partition was predicated, there was no *issue,* within the meaning of G. L. 2162, to be determined, and hence costs were not allowable to the petitioners. *Conant* v. *Smith,* 1 Aiken 67, 15 A. D: 669, and *Strong* v. *Hobbs,* 20 Vt. 192, are cited as supporting this contention. But they do not. The former case holds to be sure, that costs are not recoverable where there is no question as to the title of the respective parties; but it is said in the latter case that while it had been the practice to tax costs only when the title to land was in dispute the statute expressly provides otherwise, and that all costs which accrue in consequence of the trial. of any of the facts alleged in the petition that are controverted are properly allowable, in the discretion of the court, to the petitioner if he prevails.

We think the latter case sustains the action of the court in allowing costs in the instant case. While Winnifred's answer obviated the necessity for the petitioners proving the interest of the respective parties in the premises, it did not obviate the necessity for subsequent proceedings essential to the relief sought, since she took the position that she desired to retain her interest therein. In this situation the petitioners were obliged to accede to her wishes or proceed as they did. The costs incurred prior to the judgment for partition were as necessary to attain the object petitioners were seeking as were those incurred subsequent to such judgment since that judgment was an essential step in the proceedings, in fact was the only basis for the subsequent proceedings made necessary by Winnifred's attitude. While the pleadings raised no issue respecting the interest of the respective parties in the premises, they did raise an isssue concerning the disposition of such interests; and we entertain no doubt that G. L. 2162 empowered the court, in the circumstances, to award to petitioners reasonable costs.

It is contended that under sections 2167, 2170, and 2174 of the General Laws the costs should have been apportioned among the parties interested. If Winnifred's answer be true none of the petitionees other than herself were interested; and clearly these statutes do not indicate that a petitioner is to bear a part of the costs allowed him, certainly not unless the court so orders. Section 2167 contains no provision respecting

costs; section 2170 expressly provides that the costs allowed the petitioner shall be deducted from the proceeds of the sale which the commissioners are authorized to make in certain instances and be paid to him by them; and section 2174 provides that the costs allowed the petitioner shall be paid by the owners of such estate in proportion to their respective rights therein. We find no error in the allowance of costs.

■ Since these proceedings are more or less equitable in nature, we think the court had authority to direct the payment of petitioners' costs out of the money in the hands of the clerk; but be that as it may, it is not apparent how petitionees were harmed thereby, unless it be assumed that they intend to evade the payment of such costs if possible.

■ The petitionee, Winnifred, excepted to the failure of the court to comply with her request to fix a time within which she might remove from the premises certain buildings that belong to her. While the court might properly have complied with this request, since the law gives her a reasonable time, which is all the court could have done, its failure to do so does not constitute error.

*Judgment affirmed.*